IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PERRY DEMON PARRISH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-292-WHA-GMB |
| | ) (wo) |
| CARTER F. DAVENPORT, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This case is before the court on Recommendation of the Magistrate Judge (Doc. #35) and the Petitioner's Objection (Doc. #36).

Following an independent evaluation and *de novo* review of the file in this case, the court finds the objection to be without merit and due to be overruled.

In his 28 U.S.C. § 2254 petition, Parrish raised three claims for relief: (1) he was prejudiced by several instances of admission of prior bad acts evidence; (2) the prosecutor engaged in misconduct (regarding the same bad act evidence); and (3) ineffective assistance of counsel.

The Magistrate Judge found in the Recommendation with regard to four of Parrish's bad-act evidence/prosecutorial misconduct claims, that during direct appeal the state court relied on adequate and independent state procedural grounds to deny review of the claims. Specifically, Parrish failed to object at trial, as required by Alabama law, and the Court of Criminal Appeals refused to review the claims. The state procedural rule requiring timely and proper preservation of issues for appeal was firmly established and regularly followed at the time it was applied to

Parrish. *See e.g., Ex parte Malone*, 12 So. 3d 60, 66 (Ala. 2008). This court agrees that the claims are procedurally defaulted for purposes of federal review.

As to two bad-act evidence/prosecutorial misconduct claims, the Magistrate Judge concluded that Parrish previously raised the claims under state law only, not under federal law. He did not refer to due process protected by the Fourteenth Amendment to the United States Constitution or any other federal right in his state proceedings. The court agrees, therefore, that Parrish procedurally defaulted his federal claims regarding these matters.

Parrish does not attempt to show that the default of any of his alleged bad-act-evidence/prosecutorial misconduct claims should be excused. Therefore, these claims are procedurally barred.

The Magistrate Judge concluded that Parrish did preserve for review his federal claims regarding his trial counsel's ineffective assistance. This court agrees with the finding of the Magistrate Judge that applying the proper measure of deference to counsel's judgments and to the state court's rulings, Parrish has failed to show that the state court's denial of his ineffective assistance claim was an unreasonable application of federal law as determined by the United States Supreme Court, and he failed to show that the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1).

Accordingly, the objection is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, and the Petition for Habeas Corpus Relief is DENIED.

It is hereby ORDERED that this case is DISMISSED with prejudice.

Done this 9th day of January, 2019.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNTIED STATE DISTRICT JUDGE